DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
ABDUL ABDULLAHI (SBN 296272)
*AAbdullahi@goodwinlaw.com*
KELSEY MIDDLETON (SBN 332884)
*KMiddleton@goodwinlaw.com*
**GOODWIN PROCTER LLP**
3 Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6068
Fax: +1 415 358 1038

Attorneys for Defendant:
*BrowserStack, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC., | Case No. 4:21-cv-08124-JST |
| Plaintiff, | Assigned to Hon. Jon S. Tigar |
| v. | **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT BROWSERSTACK, INC.** |
| BROWSERSTACK, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Defendant, BROWSERSTACK, INC., ("BrowserStack"), through counsel, answers the Complaint ("Complaint") filed by plaintiff, SOFTWARE RESEARCH, INC. ("Plaintiff"), on a paragraph-by-paragraph basis, as follows:

## ANSWER

## NATURE OF THE ACTION

1.     This paragraph of the Complaint does not state allegations to which a response is required.

2.     BrowserStack denies all the allegations in this paragraph of the Complaint. Specifically, BrowserStack denies infringement of U.S. Patent Nos. 7,757,175 (the "'175 Patent"); 8,327,271 (the "'271 Patent"); 8,392,890 (the "'890 Patent"); 8,495,585 (the "'585 Patent"); 8,650,493 (the "'493 Patent"), 8,984,491 (the "'491 Patent") and 10,489,286 (the "'286 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

3.     This paragraph of the Complaint does not state allegations to which a response is required.

4.     BrowserStack admits that it is a Delaware corporation with a place of business at 548 Market St., San Francisco, California.  Except as expressly admitted, the allegations of this paragraph are denied.

5.     BrowserStack denies all the allegations in the first sentence of this paragraph. The second sentence of this paragraph does not state allegations to which a response is required. To the extent a response is required, however, BrowserStack denies that any of its directors, officers, employees, representatives, or agents of BrowserStack participated in the use, development, sale, offer for sale, import, offer for import, and/or other commercialization of software offerings that infringe one or more of the Patents-in-Suit.

6.     BrowserStack denies all the allegations in this paragraph of the Complaint.

## JURISDICTION & VENUE

7.     BrowserStack does not dispute this Court's subject matter jurisdiction.

8.     BrowserStack does not dispute that it has an office in San Francisco, California. Except as expressly admitted, BrowserStack denies all the allegations of this paragraph, including paragraphs (c) and (d).

9.     BrowserStack does not dispute that it has an office in San Francisco, California. Except as expressly admitted, BrowserStack denies all the allegations of this paragraph.

10.     BrowserStack does not dispute venue in this District. BrowserStack does not dispute that it has an office in, and conducts business in San Francisco, California, but denies all other allegations in this paragraph of the Complaint.

11.     BrowserStack does not dispute venue in this District.  BrowserStack does not dispute that it has an office in, and conducts business in San Francisco, California, but denies all other allegations in this paragraph of the Complaint.

**BACKGROUND**

12.     This paragraph of the Complaint does not state allegations to which a response is required, but to the extent a response is required, all of the allegations are denied.

13.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

14.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

15.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

16.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

17.     BrowserStack is without information or belief as to allegations of this paragraph, and on that basis, denies them.

18.     BrowserStack admits that it develops software, including BrowserStack Automate, and that it has a webpage at http://www.browserstack.com/automate.  Except as expressly admitted, the allegations of this paragraph are denied..

19.     BrowserStack admits the allegations in this paragraph of the Complaint.

2

20.     BrowserStack admits the allegations in this paragraph of the Complaint.

21.     BrowserStack admits that BrowserStack Automate is software.  Except as expressly admitted, the allegations of this paragraph are denied.

22.     In response to paragraph 22 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, the allegations of this paragraph are denied.

23.     In response to paragraph 23 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, the allegations of this paragraph are denied..

24.     In response to paragraph 24 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, the allegations of this paragraph are denied..

### COUNT I – INFRINGEMENT OF THE '175 PATENT

25.     This paragraph of the Complaint does not state allegations to which a response is required.

26.     BrowserStack admits that the '175 Patent on its face states that it was issued on July 13, 2010.  Except as expressly admitted, the allegations of this paragraph are denied.

27.     The allegations in Paragraph 27 attempt to characterize the '175 Patent (Exhibit A of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '175 Patent.

28.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

29.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

30.     BrowserStack admits that the Complaint included a copy of what purports to be the '175 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

31.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

32.     In response to paragraph 32 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

33.     BrowserStack denies all the allegations in this paragraph of the Complaint.

34.     BrowserStack denies all the allegations in this paragraph of the Complaint.

35.     BrowserStack denies all the allegations in this paragraph of the Complaint.

36.     In response to paragraph 36 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

37.     BrowserStack denies all the allegations in this paragraph of the Complaint.

38.     BrowserStack denies all the allegations in this paragraph of the Complaint.

39.     BrowserStack denies all the allegations in this paragraph of the Complaint.

40.     BrowserStack denies all the allegations in this paragraph of the Complaint.

41.     BrowserStack denies all the allegations in this paragraph of the Complaint.

42.     BrowserStack denies all the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

43.     This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional under 35 U.S.C.§ 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

**COUNT II – INFRINGEMENT OF THE '271 PATENT**

44.     This paragraph of the Complaint does not state allegations to which a response is required.

45.     BrowserStack admits that the '271 Patent on its face states that it was issued on December 4, 2012.  Except as expressly admitted, the allegations of this paragraph are denied.

4

46.     The allegations in Paragraph 46 attempt to characterize the '271 Patent (Exhibit B of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '271 Patent.

47.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

48.     BrowserStack lacks sufficient information to form a belief as to the truth of the allegations in this paragraph of the Complaint.

49.     BrowserStack admits that the Complaint included a copy of what purports to be the '271 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

50.     In response to paragraph 50 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

51.     BrowserStack denies all the allegations in this paragraph of the Complaint.

[ABDUL]

52.     BrowserStack denies all the allegations in this paragraph of the Complaint.

53.     BrowserStack denies all the allegations in this paragraph of the Complaint.

54.     In response to paragraph 54 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

55.     BrowserStack denies all the allegations in this paragraph of the Complaint.

56.     BrowserStack denies all the allegations in this paragraph of the Complaint.

57.     BrowserStack denies all the allegations in this paragraph of the Complaint.

58.     BrowserStack denies all the allegations in this paragraph of the Complaint.

59.     BrowserStack denies all the allegations in this paragraph of the Complaint.

60.     BrowserStack denies all the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

61.     This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional under 35 U.S.C.§ 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

## COUNT III – INFRINGEMENT OF THE '890 PATENT

62.     This paragraph of the Complaint does not state allegations to which a response is required.

63.     BrowserStack admits that the '890 Patent on its face states that it was issued on March 15, 2013.  Except as expressly admitted, the allegations of this paragraph are denied.

64.     The allegations in Paragraph 64 attempt to characterize the '890 Patent (Exhibit C of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '890 Patent.

65.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

66.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

67.     BrowserStack admits that the Complaint included a copy of what purports to be the '890 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

68.     In response to paragraph 68 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

69.     BrowserStack denies all the allegations in this paragraph of the Complaint.

70.     BrowserStack denies all the allegations in this paragraph of the Complaint.

[ABDUL]

71.     BrowserStack denies all the allegations in this paragraph of the Complaint.

72.     In response to paragraph 36 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

73.     BrowserStack denies all the allegations in this paragraph of the Complaint.

74.     BrowserStack denies all the allegations in this paragraph of the Complaint.

75.     BrowserStack denies all the allegations in this paragraph of the Complaint.

76.     BrowserStack denies all the allegations in this paragraph of the Complaint.

77.     BrowserStack denies all the allegations in this paragraph of the Complaint.

78.     BrowserStack denies all the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

79.     This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional under 35 U.S.C. § 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

**COUNT IV – INFRINGEMENT OF THE '585 PATENT**

80.     This paragraph of the Complaint does not state allegations to which a response is required.

81.     BrowserStack admits that the '585 Patent on its face states that it was issued on July 23, 2013.  Except as expressly admitted, the allegations of this paragraph are denied.

82.     The allegations in Paragraph 82 attempt to characterize the '585 Patent (Exhibit D of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '585 Patent.

83.     BrowserStack lacks sufficient information to form a belief as to the truth of the allegations in this paragraph of the Complaint and on that basis denies all the allegations of this paragraph of the Complaint.

84.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and on that basis denies all the allegations of this paragraph of the Complaint paragraph and on that basis denies all allegations in this paragraph of the Complaint.

85.     BrowserStack admits that the Complaint included a copy of what purports to be the '585 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

86.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

87.     In response to paragraph 87 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

88.     BrowserStack denies all the allegations in this paragraph of the Complaint.

89.     BrowserStack denies all the allegations in this paragraph of the Complaint.

90.     BrowserStack denies all the allegations in this paragraph of the Complaint.

91.     In response to paragraph 91 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

92.     BrowserStack denies all the allegations in this paragraph of the Complaint.

93.     BrowserStack denies all the allegations in this paragraph of the Complaint.

94.     BrowserStack denies all the allegations in this paragraph of the Complaint.

95.     BrowserStack denies all the allegations in this paragraph of the Complaint.

96.     BrowserStack denies all the allegations in this paragraph of the Complaint.

97.     BrowserStack denies all the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

98.     This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional

under 35 U.S.C. § 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

## COUNT V – INFRINGEMENT OF THE '493 PATENT

99.     This paragraph of the Complaint does not state allegations to which a response is required.

100.     BrowserStack admits that the '493 Patent on its face states that it was issued on February 11, 2014.  Except as expressly admitted, the allegations of this paragraph are denied.

101.     The allegations in Paragraph 101 attempt to characterize the '493 Patent (Exhibit E of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '493 Patent.

102.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

103.     BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

104.     BrowserStack admits that the Complaint included a copy of what purports to be the '493 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

105.     In response to paragraph 105 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

106.     BrowserStack denies the allegations in this paragraph of the Complaint.

107.     BrowserStack denies the allegations in this paragraph of the Complaint.

108.     In response to paragraph 108 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

109.     BrowserStack denies the allegations in this paragraph of the Complaint.

110.    BrowserStack denies the allegations in this paragraph of the Complaint.

111.    BrowserStack denies the allegations in this paragraph of the Complaint.

112.    BrowserStack denies the allegations in this paragraph of the Complaint.

113.    BrowserStack denies the allegations in this paragraph of the Complaint.

114.    BrowserStack denies the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

115.    This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional under 35 U.S.C. § 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

**COUNT VI – INFRINGEMENT OF THE '491 PATENT**

116.    This paragraph of the Complaint does not state allegations to which a response is required.

117.    BrowserStack admits that the '491 Patent on its face states that it was issued on March 17, 2015.  Except as expressly admitted, the allegations of this paragraph are denied.

118.    The allegations in Paragraph 118 attempt to characterize the '491 Patent (Exhibit F of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '491 Patent.

119.    BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all the allegations of this paragraph of the Complaint.

120.    BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

121.    BrowserStack admits that the Complaint included a copy of what purports to be the '491 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

122.    In response to paragraph 122 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the

allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

123.    BrowserStack denies the allegations in this paragraph of the Complaint.

124.    BrowserStack denies the allegations in this paragraph of the Complaint.

125.    BrowserStack denies the allegations in this paragraph of the Complaint.

126.    In response to paragraph 126 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

127.    BrowserStack denies the allegations in this paragraph of the Complaint.

128.    BrowserStack denies the allegations in this paragraph of the Complaint.

129.    BrowserStack denies the allegations in this paragraph of the Complaint.

130.    BrowserStack denies the allegations in this paragraph of the Complaint.

131.    BrowserStack denies the allegations in this paragraph of the Complaint.

132.    BrowserStack denies the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

133.    This paragraph of the Complaint does not state allegations to which a response is required. To the extent a response is required, BrowserStack denies that this case is exceptional under 35 U.S.C.§ 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

## COUNT VII – INFRINGEMENT OF THE '286 PATENT

134.    This paragraph of the Complaint does not state allegations to which a response is required.

135.    BrowserStack admits that the '286 Patent on its face states that it was issued on November 26, 2019.  Except as expressly admitted, the allegations of this paragraph are denied.

136.    The allegations in Paragraph 136 attempt to characterize the '286 Patent (Exhibit G of the Complaint), a written document that speaks for itself and to which BrowserStack respectfully refers the Court for its actual language and complete contents.  BrowserStack denies any allegations inconsistent with or that mischaracterize the '286 Patent.

137.    BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

138.    BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

139.    BrowserStack admits that the Complaint included a copy of what purports to be the '286 Patent, and that BrowserStack has received a copy.  Except as expressly admitted, the allegations of this paragraph are denied.

140.    BrowserStack lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies all allegations in this paragraph of the Complaint.

141.    In response to paragraph 141 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

142.    BrowserStack denies the allegations in this paragraph of the Complaint.

143.    BrowserStack denies the allegations in this paragraph of the Complaint.

144.    BrowserStack denies the allegations in this paragraph of the Complaint.

145.    In response to paragraph 145 of the Complaint, BrowserStack admits that its web pages contain statements that speak for themselves.  Except as expressly admitted, each of the allegations of this paragraph is denied, including without limitation plaintiff's characterizations of same.

146.    BrowserStack denies the allegations in this paragraph of the Complaint.

147.    BrowserStack denies the allegations in this paragraph of the Complaint.

148.    BrowserStack denies the allegations in this paragraph of the Complaint.

149.    BrowserStack denies the allegations in this paragraph of the Complaint.

150.    BrowserStack denies the allegations in this paragraph of the Complaint.

151.    BrowserStack denies the allegations of infringement in this paragraph of the Complaint and on that basis denies that Plaintiff is entitled to damages or reasonable royalties.

152.    This paragraph of the Complaint does not state allegations to which a response is

1    required. To the extent a response is required, BrowserStack denies that this case is exceptional

2    under 35 U.S.C.§ 285 and denies that Plaintiff is entitled to an award of attorneys' fees.

### PRAYER FOR RELIEF

4    BrowserStack denies that Plaintiff is entitled to any and all relief sought.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

8    1.    The Complaint fails to state a claim against BrowserStack upon which relief can be

9    granted.

### SECOND AFFIRMATIVE DEFENSE

### (INNOCENT INFRINGEMENT)

12    2.    The claims made in the Complaint are barred, in whole or in part, because any

13    infringement, if any, was innocent.

### THIRD AFFIRMATIVE DEFENSE

### (NON-INFRINGEMENT)

16    3.    The claims made in the Complaint are barred, in whole or in part, on the basis that

17    Defendant has not infringed any of the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE

### (NO DAMAGES)

20    4.    Without admitting the Complaint states a claim, the claims made in the Complaint

21    are barred, in whole or in part, on the basis that there has been no damage in any amount, manner,

22    or at all by reason of any act alleged against BrowserStack in the Complaint and the relief prayed

23    for in the Complaint therefore cannot be granted.

### FIFTH AFFIRMATIVE DEFENSE

### (LIMITATION OF DAMAGES)

26    5.    Without admitting the Complaint states a claim, the claims made in the Complaint

27    and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH AFFIRMATIVE DEFENSE

13

(INVALIDITY)

6.      Each of the asserted claims of the Patents-in-Suit is invalid for failure to comply with the conditions of patentability set forth in 35 U.S.C. § 1 et seq.,  including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

7.      Plaintiff's claims and prayer for relief are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(EQUITABLE DEFENSES)**

8.      Plaintiff's claims and prayer for relief are barred as a matter of equity, including by the doctrines of *res judicata*, estoppel, laches, and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

**(LACK OF IRREPARABLE HARM)**

9.      Plaintiff's claim for injunctive relief is barred, in whole or in part because Plaintiff cannot show that it will suffer an irreparable harm from BrowserStack's actions.

**TENTH AFFIRMATIVE DEFENSE**

**(RESERVATION OF ALL DEFENSES)**

10.      Defendant alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment, including to conform to proof at trial. BrowserStack therefore reserves all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery in this action.

**COUNTERCLAIMS**

Defendant and Counterclaimant BrowserStack alleges Counterclaims as follows:

**PARTIES**

1.      Counterclaim Plaintiff BrowserStack Holding Company, Inc. is a Delaware corporation with an office in San Francisco, California.

14

2.    On information and belief, Counterclaim Defendant Software Research, Inc. ("SRI") is a California corporation with its principal place of business in this District.

### JURISDICTION

3.    This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4.    By filing its lawsuit against BrowserStack, SRI has consented to the personal jurisdiction of this Court.

5.    To the extent the underlying action brought by SRI against BrowserStack proceeds in this District, then venue as to these Counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because SRI has consented to the personal jurisdiction of this Court and because the facts and circumstances alleged in these Counterclaims are related to the facts and circumstances alleged in the Complaint.

6.    In the Complaint, SRI asserts claims against BrowserStack for infringement of the Patents-in-Suit and asserts that the Patents-in-Suit are valid.

7.    In BrowserStack's Answer and Affirmative Defenses to SRI's Complaint, BrowserStack denies SRI's claims of infringement of the patents asserted in the Complaint and alleges that such patents are invalid.

8.    An actual controversy has arisen and now exists between BrowserStack and SRI as to the non-infringement and invalidity of the patents asserted in the Complaint.

### FACTUAL ALLEGATIONS

9.    In its Complaint, SRI alleges that BrowserStack has infringed one or more claims of U.S. Patent Nos. 7,757,175 (the "'175 Patent"); 8,327,271 (the "'271 Patent"); 8,392,890 (the "'890 Patent"); 8,495,585 (the "'585 Patent"); 8,650,493 (the "'493 Patent"), 8,984,491 (the "'491 Patent") and 10,489,286 (the "'286 Patent") (collectively, the "Patents-in-Suit"). SRI purports to be the owner of the Patents-in-Suit.

10.    SRI alleges that the Patents-in-Suit relate to its eValid™ software testing products ("eValid") technology and that the use of one or more claims of the Patents-in-Suit is required in order to implement software testing products.

11.     BrowserStack is the developer of a software testing platform on a cloud infrastructure.

12.     On August 13, 2021, and without notice, SRI filed this lawsuit in the United States District Court in the Northern District of California.

## COUNTERCLAIM I

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '175 PATENT)

13.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

14.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '175 Patent.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '175 Patent.

## COUNTERCLAIM II

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '271 PATENT)

16.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

17.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '271 Patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '271 Patent.

## COUNTERCLAIM III

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '890 PATENT)

19.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

20.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '890 Patent.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '890 Patent.

### COUNTERCLAIM IV

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '585 PATENT)

22.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

23.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '585 Patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '585 Patent.

### COUNTERCLAIM V

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '493 PATENT)

25.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

26.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '493 Patent.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '493 Patent.

### COUNTERCLAIM VI

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '491 PATENT)

28.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

29.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '491 Patent.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '491 Patent.

## COUNTERCLAIM VII

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '286 PATENT)

31.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

32.     BrowserStack has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '286 Patent.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BrowserStack requests a declaration that BrowserStack has not infringed (directly or indirectly) any claim of the '286 Patent.

## COUNTERCLAIM VIII

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT)

34.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

35.     The claims of the '175 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM IX

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '271 PATENT)

36.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

37.     The claims of the '271 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq., and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM X

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '890 PATENT)

1    38.    BrowserStack incorporates by reference the allegations of each foregoing

2    paragraph as though fully set forth herein.

3    39.    The claims of the '890 Patent are invalid for failure to meet the requirements of one

4    or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of

5    Federal Regulations.

6                              **COUNTERCLAIM XI**

7              **(DECLARATORY JUDGMENT OF INVALIDITY OF THE '585 PATENT)**

8    40.    BrowserStack incorporates by reference the allegations of each foregoing

9    paragraph as though fully set forth herein.

10   41.    The claims of the '585 Patent are invalid for failure to meet the requirements of one

11   or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of

12   Federal Regulations.

13                             **COUNTERCLAIM XII**

14             **(DECLARATORY JUDGMENT OF INVALIDITY OF THE '493 PATENT)**

15   42.    BrowserStack incorporates by reference the allegations of each foregoing

16   paragraph as though fully set forth herein.

17   43.    The claims of the '493 Patent are invalid for failure to meet the requirements of one

18   or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of

19   Federal Regulations.

20                             **COUNTERCLAIM XIII**

21             **(DECLARATORY JUDGMENT OF INVALIDITY OF THE '491 PATENT)**

22   44.    BrowserStack incorporates by reference the allegations of each foregoing

23   paragraph as though fully set forth herein.

24   45.    The claims of the '491 Patent are invalid for failure to meet the requirements of one

25   or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of

26   Federal Regulations.

27                             **COUNTERCLAIM XIV**

28             **(DECLARATORY JUDGMENT OF INVALIDITY OF THE '286 PATENT)**

ANSWER, AFF. DEF. & CTRCLMS OF BROWSERSTACK, INC.          Case No. 4:21-CV-08124-JST

46.     BrowserStack incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

47.     The claims of the '286 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101, 102, 103, and 112, et seq. and/or Title 37 of the Code of Federal Regulations.

## PRAYER FOR RELIEF

WHEREFORE, BrowserStack prays for relief as follows:

A.     That judgment be entered in favor of BrowserStack; and against Software Research, Inc.;

B.     That Plaintiff take nothing by way of its Complaint;

C.     A declaration in favor of BrowserStack that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees, costs, and expenses incurred by BrowserStack in defending this action;

D.     A declaration that BrowserStack does not infringe any valid patent asserted by Software Research, Inc.;

E.     A declaration that each of the claims of the patents asserted by Software Research, Inc. is invalid and/or unenforceable;

F.     That BrowserStack recover its costs of suit incurred herein; and

G.     That the Court aware BrowserStack such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BrowserStack demands a trial by jury of all issues so triable.

Dated:   January 31, 2022                    Respectfully submitted,

By:   /s/ Darryl M. Woo
      DARRYL M. WOO
      *DWoo@goodwinlaw.com*
      ABDUL ABDULLAHI
      *AAbdullahi@goodwinlaw.com*

20

KELSEY MIDDLETON
*KMiddleton@goodwinlaw.com*
**GOODWIN PROCTER** LLP

Attorneys for Defendant:
BROWSERSTACK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing  document including all of its attachments with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **January 31, 2022**.  I further certify that all participants in the case are registered CM/ECF users and that service of the publicly filed documents will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on **January 31, 2022**.

/s/ Darryl Woo
DARRYL WOO